or reserved and made by exceptions after his report comes in. The case is not before him as if an adjudication had been made, and perhaps the certification in the ordinary way would not be proper practice, but it can be done by agreement; or the parties can put all the facts in the proof, and bring the questions up by exceptions to his report. The single act of bankruptcy charged, is—suspension of commercial paper. It is well charged, except that the paper is not described as identified, as it should have been. Bump. [Bankr.] (10th Ed.) 35, 423, cites the cases. [In re Randall, Case No. 11,551; In re Hadley, Id. 5,894.]

The defect may be amended.

## Case No. 442.

### ANONYMOUS.

[1 Cranch, C. C. 139.]

Circuit Court, District of Columbia. July Term, 1803.

EQUITY PRACTICE—ANSWER—ATTACHMENT.

THE COURT decided, on a motion of Mr. Woodward, for a rule answer in chancery, that such a rule need not be laid, but an attachment might go, of course, after the fourth day of next term.

## Case No. 443.

### ANONYMOUS.

[2 Dall. 382.][2]

Circuit Court, D. Pennsylvania. April Term, 1797.

JURY—IMPANELING—SPECIAL JURY—TALESMAN.

The court has power to order a tales in special jury causes.

[Cited in Hall v. Perott, Case No. 5,942.]

In a cause marked for trial by special jury, nine jurors only appeared; and the question arose, whether the court (who wished to consider it with a view to establish a precedent) could award a tales, on the application of the plaintiff.

Levy and Ingersoll suggested, that the supreme court of Pennsylvania had so construed the 12th section of the act of assembly (2 Dall. Ed. p. 265) as to exercise the power of ordering a tales in the case of special, as well as of common, juries, whenever the plaintiff required it, and also whenever the defendant required it, if he had a rule for trial by proviso. The same power is exercised in England on general principles. Sell. Pr. 476.

Lewis observed, that the supreme court held, that the Pennsylvania act, and not the English practice, must regulate the proceedings with respect to juries; and the case of a tales in trials by special jury, though admissible at common law, might not have been adopted by the legislature, on account of the inconveniences, which the practice tended to introduce. But whatever may have been the previous law, the legislative rule must be pursued; and expressio unius est exclusio ulterius.

Rawle conceived, that the 12th section of the judicial act, (1 Swift's Ed. p. 67, [see section 29, 1 Stat. 88,]) settled the question. In the first part of the section, the provision for empanneling juries in general, obviously including both special and common juries; and, as there is the same generality of expression in the latter part of the section, when provision is made for returning a tales, it ought also, by a parity of construction, to be extended to both cases.

PETERS, District Judge. I have no doubt of the power of the court to order a tales in special jury causes. It might have been done, I think, under the act of assembly; but unquestionably it may be done under the act of congress. There ought, however, to be such a discretion in using it, as to prevent any injury to either party; and, therefore, a trial should not be forced on, without a reasonable delay to bring in the jurors that had been regularly selected.

IREDELL, Circuit Justice. The act of congress seems to remove every difficulty. It makes no distinction (and the court can, therefore, make none) between the case of a special and of a common jury. If this provision had not existed, the subject would have occasioned much doubt in my mind.

## Case No. 444.

### ANONYMOUS.

[1 Gall. 22.][1]

Circuit Court, D. Massachusetts. May Term, 1812.

ADMIRALTY—PRACTICE—AMENDMENTS ON APPEAL.

1. The circuit court has authority to allow amendments in revenue causes or proceedings in rem, brought by appeal from the district court.

[Cited in Jay v. Almy, Case No. 7,236; Kennedy v. Bank of Georgia, 8 How. (49 U. S.) 611; Warren v. Moody, 9 Fed. 673; Irvine v. The Hesper, 122 U. S. 266, 7 Sup. Ct. 1182.]

[2. Cited in U. S. v. Athens Armory, Case No. 14,473, to the point that a proceeding in rem to confiscate property is a civil suit.]

[See The Edward, 1 Wheat. (14 U. S.) 261.]

In admiralty.

[Before STORY, Circuit Justice, and DAVIS, District Judge.]

STORY, Circuit Justice, delivered the opinion of the court:

The question as to the right of this court to grant amendments, in cases of libels, or informations, in rem, for violations of

---

[1][Reported by Hon. William Cranch, Chief Judge.]

[2][Reported by A. J. Dallas, Esq.]

[1][Reported by John Gallison, Esq.]